# SUPREME COURT.

## JAMES FISK, Jr. agt. THE ALBANY & SUSQUEHANNA RAILROAD CO. and others.

Where an order is made, *changing the place of trial* in a cause to another county, the change is effected *at once.* The transfer of the papers is a subsequent clerical duty.

This change is not affected by a subsequent chamber order to show cause why the order making the change should not be corrected, with a stay of proceedings mean time, and with an order forbidding the county clerk to transfer the papers in the cause.

Nor is the order making such change, affected by a subsequent *appeal* therefrom to the general term.

It is very doubtful whether an order changing the place of trial for the convenience of witnesses is *appealable.*

Where the place of trial is located in the city and county of New York, and on motion it is changed to another county, no motion can be heard in the cause in the first district.

Where the judge has settled an order in his own language, on a hearing of both parties, no other court is competent to correct the order which he has thus settled.

*Albany, Special Term, December,* 1870.

THE place of trial in this action was originally in New York. A motion was made on behalf of all the defendants, except Herrick, to change the place of trial to Albany county, on account of the convenience of witnesses. This motion was heard at special term in New York, before Mr. Justice BRADY, and was decided by him on the 15th of December. His decision was, that the place of trial should be changed to Albany county, unless the plaintiff's counsel should prefer Rensselaer, in which case it should be changed to Rensselaer.

The plaintiff's counsel, thereupon drew up an order changing the place of trial to Rensselaer county, and the same was entered on the 15th December.

On the 20th of December, upon the suggestion of defendant's counsel, that the order ought to express that the change to Rensselaer county, was in consequence of the preference of plaintiff's counsel for Rensselaer, over Albany, and on notice to the plaintiff's counsel, Mr. Justice BRADY, after hearing counsel for both parties, settled the form of the order, and the same was accordingly entered as of the 15th of December.

The order as thus entered states, that the court had announced its decision, that the place of trial be changed to Albany, unless the plaintiff's counsel should elect that it be changed to Rensselaer, and that the plaintiff's counsel having so elected, it is ordered that the place of trial be changed to Rensselaer.

Thereupon, upon an affidavit of Mr. Schamp, stating that he was present at this settlement; that the plaintiff's counsel declined to elect to take any other county than New York; that he consented to no statement on that subject in the order, except a bare expression of preference for Rensselaer, over Albany county; the plaintiff procured from Mr. Justice BARNARD, on the same 20th day of December, a chamber order to show cause at special term in New York, December 27th, why the aforesaid order should not be corrected to conform to the facts stated in that affidavit, with a stay of proceedings mean time, and an order to the county clerk not to remove the papers to any county.

A certified copy of the order granted on the 20th, by Mr. Justice BRADY, was filed in Rensselaer county, December 21st.

On the 20th of December, the plaintiffs appealed from the order changing the place of trial; that is, the order as settled that day by Mr. Justice BRADY, and obtained from the special term at New York, held by Mr. Justice BARNARD, an order *ex parte*, staying proceedings until the determination of the appeal, and forbidding the county clerk to transfer the papers until the decision of the appeal.

Two separate motions are now made by the defendants.

*First.* A motion to vacate and set aside the last mentioned order, staying proceedings during the appeal.

*Second.* To vacate the aforesaid chamber order of Mr, Justice BARNARD, and to stay plaintiffs from proceedings in the first judicial district.

Mr. HALE, *for defendants on first motion.*

Mr. PECKHAM, *on second.*

Mr. SHEARMAN, *for plaintiff.*

. LEARNED, J.—The order of special term granted on the 15th of December, changed the place of trial to Rensselaer at once. The transfer of the papers is a subsequent clerical duty. But the place of trial is none the less changed, although the clerk should neglect his duty. It is often the case, that no papers are on file. But that fact would not prevent the place of trial, or the cause from being changed from one county to another.

Under the former practice, the court could change the issue. And yet, the papers in the cause remained in that one of the four clerk's offices in which they had been filed. There can be no doubt, therefore, that from the granting of the order, the place of trial has been and is Rensselaer county. This change is not affected by the stay of proceedings, or by the appeal. If the general term should hold the order to be appealable, and should reverse it, then the place of trial would be changed back to New York. But in the meantime, it is in Rensselaer; and there is where the papers should be. The county clerk, therefore, should not be forbidden to transfer them where they belong.

If the stay of proceedings prevented the clerk from transferring the papers, then it was unnecessary to insert that additional clause forbidding the transfer. If it did not, then the clause should not have been inserted. For a stay of

proceedings is all that is authorized on such an appeal. (*Sec.* 350).

I see no reason why there should be a stay of proceedings. It is very doubtful whether the order is appealable. The change of trial is for the convenience of witnesses, and I do not think, that an order which is granted for their convenience can be said to affect a " substantial right."

It is a matter of *convenience ;* and that too, not the convenience of the parties, but of witnesses. So far as I know, such an order has never been held to be appealable. *Houck* agt. *Lasher*, (17 *How.*, 520,) was a case where the county designated was claimed not to be the proper county under section 125, and presented a different question. There is a plain omission of the word "not" on page 523 of Judge HARRIS's opinion, so that his remark, (which may be *obiter*,) is to the effect that a change of the place of trial on the ground of the convenience of witnesses is not appealable.

The defendant ought to be at liberty to go on with the action; to notice the appeal for argument; to notice the case for trial, and to try it.

As to the chamber order granted December 20, returnable the 27th, I think it irregular. No motion can be heard in the first district, since the place of trial has been changed to Rensselaer. (*Sec.* 401, *sub.* 4).

If that order is put on the ground that, it is only for the purpose of a resettling of the order granted by the special term held by Judge BRADY, then it is more than irregular. The settling of an order is merely the putting a judge's decision into formal language. When a judge has thus expressed in formal language what is the decision of the court held by him; no court has any right to alter it. An appellate court may reverse it. But it is preposterous to claim that the judge does not know how to express his own decision, and that some other court must correct his statement of what he decided. The evils of such a practice as is here attempted, are too plain to need comment. And in this case,

there is nothing to correct. The defendants made out such a case as satisfied the court, that the place of trial should be changed for the convenience of witnesses. The court gave the plaintiffs the privilege of having it changed to Rensselaer, rather than Albany, if he so elected. His counsel drew an order changing it to Rensselaer; which was a plain, common sense expression of such election. On a subsequent day, according to the affidavits used by him, his counsel expressed *a bare preference*, or in other words, "he was willing to signify his preference to Rensselaer, over Albany.

And it appears to me, that with great propriety, Judge BRADY, thereupon stated, that the plaintiff's counsel had elected that the change should be to Rensselaer.

It is difficult to see what else he could have stated. And, at any rate, no other court is competent so correct the order which he has thus settled, and settled on a hearing of both parties.

A part of the relief asked for on the second motion is a stay of any proceedings by the plaintiff in the first judicial district. I do not think, this would be proper. If I am correct in my views, that the place of trial is changed to Rensselaer, then I must assume that the courts of that district will not act where they have no jurisdiction. If they differ from me, and hold that the place of trial is still in New York, and that they have jurisdiction; the decision on the two conflicting views will have to be made by a higher tribunal.

An order must be entered, setting aside and vacating the order made by special term, before Mr. Justice BARNARD, December 20, staying proceedings, with $10 costs motion; and also an order must be entered setting aside the chamber's order made by Mr. Justice BARNARD the same day, requiring the defendants to show cause, &c., and the stay, meantime, with $10 costs motion.

And these orders will be entered in Rensselaer.